The majority opinion reverses the judgment in this case and remands the case to the trial court to determine whether or not there has been a substantial change in circumstances to warrant a modification of child support. The failure of the trial court to find a substantial change in circumstances was not an issue specifically raised with the trial court nor addressed to this court in appellant's brief. The error, if any, has not been preserved for appellate review.
While the "substantial change in circumstances" requirement is set out in the statutory scheme, for us to address the issue on this record would require a plain error analysis. The majority opinion contains no such analysis. In fact, such an analysis might well lead us to conclude that if there was error, it was waived.[1] For this reason, I dissent.
[1] "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in extremely rare cases involving exceptional circumstances where error to which no objection was made at the trial court, seriously affects the basic fairness, integrity or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997),79 Ohio St.3d 116. Plain error review in civil cases in this court has been limited to review of dependency and permanent custody cases. In theMatter of: Patricia Morris aka Patricia Gallaher (Oct. 16, 2000), Butler App. No. CA2000-01-001, unreported; In Re: Dwayne Johnson, a Minor Child
(Dec. 11, 2000), Butler App. Nos. CA2000-03-041 and CA2000-05-073, unreported.